UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

REGINALD FARMER,                    )
                                    )
        Movant,                     )
                                    )
v.                                  )        No. 4:15 CV 1516 CDP
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

## MEMORANDUM AND ORDER

Reginald Farmer seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Farmer was convicted by a jury of five counts: one for distribution of twenty-eight grams or more of cocaine in violation of 21 U.S.C. § 841(a), a second for possession within intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), and three counts of possession of marijuana in violation of 21 U.S.C. § 844(a). *See* Case No. 4:12CR375CDP. Farmer was sentenced to 120 months imprisonment for Counts I and II, and a term of 24 months on each of Counts III, IV, and V, with all counts to run concurrently. Farmer appealed, and the Eighth Circuit Court of Appeals affirmed his conviction and sentence. *United States v. Reginald Farmer*, No. 13-3041 (8th Cir. July 11, 2014)(unpublished).

Farmer then filed this § 2255 motion, raising the following grounds for relief:

1) The government violated *Brady v. Maryland* by failing to turn over video evidence of the parking lot that would depict the hand-to-transaction leading to his arrest;

2) He was unconstitutionally subjected to an enhanced sentence under 21 U.S.C. § 841(b)(1) and § 851 because of his prior drug convictions;

3) Ineffective assistance of counsel for the following reasons:
   a. His trial counsel failed to obtain the video evidence
   b. His trial counsel failed to move to strike the expert testimony of the drug chemist.

The records before me conclusively demonstrate that Farmer has no right to relief and I will deny Farmer's motion without an evidentiary hearing for the reasons that follow.

## Discussion

## A. No Evidentiary Hearing is Required

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Id.* (internal quotation marks and citations omitted). The record here conclusively refutes the claims, so I will not hold an evidentiary hearing.

## B. Claims 1 and 2 are Procedurally Barred

"A collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). Farmer did not raise Grounds 1 and 2 on direct appeal. If a claim could have been raised on direct appeal but was not, it cannot be raised in a § 2255 motion unless the movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. *See Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993); *Mathews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997).[1]

In Ground 1 Farmer argues that video evidence exists of the parking lot where the hand-to-hand transaction occurred and that the Government failed to produce it, thereby violating *Brady*. While at the time of his trial Farmer believed this video existed, he did not assert this claim on direct appeal even though he had the chance to do so. Moreover, Farmer does not meet his burden in establishing

---

[1] A movant can also avoid procedural default by demonstrating actual innocence. *Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that generally cannot be met "where the evidence is sufficient to support a conviction on the charged offense." *Id.* (internal quotation marks and citation omitted). Where, as here, the Court of Appeals has found that the evidence was sufficient to support his conviction, Farmer cannot claim actual innocence.

"cause" or "prejudice" to excuse the default. His motion speculatively assumes that video evidence would absolve him and swears under oath that he believes the video will do so. The government has represented that no video exists. The claim is procedurally barred but would fail on the merits even if it were not barred.

Similarly, Ground 2 is procedurally barred because Farmer failed to raise this issue on direct appeal. Farmer argues that he was unconstitutionally subjected to the sentencing enhancement for prior drug convictions because he was not aware of the enhancement until his sentencing. He further argues that the enhancement was inappropriately applied to his case because the enhancement was contrary to guidance from former U.S. Attorney General Eric Holder, Jr., who gave instructions not to impose sentencing enchantments in cases like this. Farmer failed to raise this issue on direct appeal. Further, he cannot show that "cause" or "actual prejudice" excuses his default. Farmer gives no basis to forgive his procedural errors in his motion, but instead claims unawareness. Before sentencing, multiple sentencing documents made him aware of the enhancement and the Government complied with the requirements in § 851. Additionally, he was personally present at a hearing where the government proved the existence of the prior convictions as required by 18 U.S.C. § 851. His motion argues that this was some kind of "legal error" but he does not really attempt to show cause and

prejudice for his procedural default. The claim is both procedurally barred and refuted by the record in the case.

For the above reasons, Farmer has not adequately alleged sufficient cause and prejudice to overcome the procedural default on both of these claims. Grounds 1 through 2 will therefore be denied.

### C. Farmer Did Not Receive Ineffective Assistance of Counsel

Farmer's remaining claim is for ineffective assistance of trial counsel – one claim is that his attorney failed to obtain the aforementioned video evidence and the second is that counsel failed to move to strike expert testimony at trial. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Framer must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. *Id.* Second, Farmer "must show that the deficient performance prejudiced the

defense." *Id.* at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. *Engelen v. United States*, 68 F.3d 238, 241 (8th Cir. 1995). Under these standards, Farmer did not receive ineffective assistance from his attorney.

First, Farmer argues that his counsel's representation was ineffective for failing to obtain the video evidence. Farmer states that the video evidence is exculpatory and would show the police "planting" the cocaine. The Government states that no such video exists. Farmer fails to offer any evidence in support of his ineffective assistance of counsel claim. Even if his defense counsel had attempted to obtain the video, the result would not have been different because no video exists. Therefore, he cannot demonstrate that his counsel's representation was ineffective.

Second, Farmer argues that his counsel was ineffective because he failed to move to strike expert testimony at trial. Farmer argues that his counsel should have stricken the testimony of this witness because of the differing weights given in the two expert reports.

Given that both weights from the expert reports were in excess of the twenty-eight gram threshold for sentencing purposes, moving to strike this testimony would not

have materially resulted in a different result. Consequently, this would have been a meritless defense for counsel to put forward. To the extent Farmer argues that his counsel was ineffective for failing to make meritless arguments at trial, his claim fails as a matter of law. *Rodriquez v. United States*, 17 F.3d 225, 226 (8th Cir. 1994).

Farmer has not demonstrated either that counsel's performance was deficient or that counsel's deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687, 694. For these reasons, Ground 3 will be denied.

### D. I Will Not Issue a Certificate of Appealability

As Farmer has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

Accordingly,

**IT IS HEREBY ORDERED** that Reginald Farmer's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [1] is denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Farmer has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FUTHER ORDERED** that Farmer's Motions for a Status Hearing [14 and 15] are denied as moot.

A separate judgment in accord with this opinion is entered this same date.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of March, 2019.